UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>Plaintiff, )<br>  )<br>v. )<br>  )<br>EMANUEL L. WILLIAMS, )<br>  )<br>Defendant. ) | Cause No.  1:14-cr-0232-TWP-DKL-1 |

**REPORT AND RECOMMENDATION**

On May 3, 2016, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on April 15, 2016.  Defendant Williams appeared in person with his appointed counsel Mike Donahoe.  The government appeared by Winfield Ong, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Chris Doughtery.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.	The Court advised Defendant Williams of his rights and ensured he had a copy of the petition.  Defendant Williams waived his right to a preliminary hearing.

2.	After being placed under oath, Defendant Williams admitted violations 1, 2, 3, 4, and 5.  [Docket No. 6.]

3.	The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not leave the judicial district without the permission of the court or probation officer."** |
| 2 | **"The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer."** |

On March 6, 2016, the offender was stopped by an officer from the East Chicago, Indiana, Police Department in the Northern District of Indiana, and issued a court summons for disregarding a stop sign. The offender failed to notify his probation officer of this law enforcement contact within seventy-two hours, as is required. When questioned by his probation officer on March 10, 2016, the offender initially denied being outside the district. When questioned further, he admitted he was outside the district and had law enforcement contact. He stated he had forgotten that it was required by his supervision conditions that he notify his probation officer. He was not given prior permission to leave the district.

| | |
|---|---|
| 3 | **"The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.** |

The offender submitted four urine drug screens which tested positive for marijuana on: March 10, 2016; March 17, 2016; March 30, 2016 and April 13, 2016. The screen on March 10, 2016, was also a dilute sample. Mr. Williams has yet to submit a negative screen. When questioned after the first positive result, the offender admitted he smoked marijuana on February 18, 2016. He stated he "hit a blunt" on that day, as it was the anniversary of his brother's death. The offender has denied and disputed the subsequent urine screens. The offender stated he is not in need of substance abuse treatment.

| | |
|---|---|
| 4 | **"The defendant shall participate in a drug aftercare treatment program under a co-payment plan, which may include testing for the detection of drugs of abuse at the direction and discretion of the probation officer."** |

On March 30, 2016, the offender was directed to submit a urine screen at Volunteers of America. The offender refused to follow the urine collection instructions provided to him by the collector at VOA. He began yelling, used profanity, and then knocked a clipboard off a desk. The collector advised that he believed the offender was making verbal threats toward him during his incident. The offender was directed to leave the facility and

        return later that day, after he had calmed down.  The offender did return as directed.

5       **"The defendant shall notify the probation officer within 10 days of any change in residence or employment."**

        The offender was evicted from his residence on or about February 20, 2016.  This officer only learned of this information after attempting a home exam at his last report residence on March 9, 2016.  When confronted on March 10, 0216, the offender state he "forgot" he was on supervised release and was required to report this information to the probation officer.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade B violation.

    (b) Defendant's criminal history category is VI.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 21 to 24 months' imprisonment.

5. The parties jointly recommended a sentence of one year and one day with no supervised release to follow.  Defendant requested placement at the minimum security satellite camp at FCI Terre Haute.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be **REVOKED**, and that he should be sentenced to the custody of the Attorney General or his designee for a period of one year and one day with no supervised release to follow.   The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.  The Magistrate Judge Court recommends that Mr. Williams be placed at the minimum security satellite camp at FCI Terre Haute.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated:  13 MAY 2016

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal